IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRENDAN MOORE,

Petitioner,

v.

WARDEN, FCI OXFORD,

Respondent.

OPINION and ORDER

26-cv-789-jdp

Brendan Moore, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C § 2241. He asks the court to order the Bureau of Prisons to award him First Step Act credit towards placement in prerelease custody or early transfer to supervised release. He acknowledges that he has a conviction that makes him ineligible to receive some of those credits, but he contends that he should receive credits for the portion of his sentence relating to his other, non-disqualifying conviction.

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition with prejudice because the First Step Act prohibits Moore from receiving time credits for any portion of his sentence.

ANALYSIS

Moore is serving consecutive sentences for conspiracy to possess a controlled substance with intent to distribute under 21 U.S.C. § 846 and possession of a firearm in furtherance of a

drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). He was sentenced to 120 months in federal prison for the drug offense and 60 months for the firearms offense and is currently serving an aggregate sentence of 180 months. Dkt. 1-2 at 3.

The First Step Act (FSA) allows prisoners who successfully participate in evidence-based recidivism reduction programming or other productive activities to earn credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). But the BOP is prohibited from awarding these earned time credits to prisoners convicted of certain offenses, including "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" under 18 U.S.C. § 924(c). 18 U.S.C § 3632(d)(4)(D)(xxii). Moore's firearms offense is a disqualifying conviction under § 3632(d)(4)(D)(xxii). Because of this, the BOP has not granted him any First Step Act credits.

Moore argues that the BOP unlawfully concluded that he is ineligible to earn FSA time credit because only some of his convictions are disqualifying offenses. In other words, Moore contends that he should be able to earn FSA credit for the portion of his sentence attributed to his non-disqualifying drug offense.

The FSA provides that a prisoner is ineligible to receive time credits if he "is serving a sentence for a conviction" listed in § 3632(d)(4)(D). The basic rule is that multiple federal sentences, whether consecutive or concurrent, are "treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c); *Bonnie v. Dunbar,* 157 F.4th 610, 618 (4th Cir. 2025). Consistent with § 3584(c), the BOP is treating Moore's multiple convictions as a single aggregate term of imprisonment. *See* Dkt. 1-2 at 4.

Because the convictions are treated as one term of imprisonment, a prisoner "is serving a sentence" for each of those convictions under § 3632(d)(4)(D) for the duration of the

aggregate sentence. *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d. Cir. 2025). For FSA purposes, then, Moore is serving a sentence for both the § 924(c) and the 21 U.S.C. § 846 convictions. The conviction under § 924(c) disqualifies Moore from earning FSA time credit under the plain terms of § 3632(d)(4)(D)(xxii).

Most courts, including this court, have concluded that a prisoner who is serving an aggregate sentence composed of disqualifying and non-disqualifying offenses is ineligible to earn FSA time credit. *See, e.g., Clark v. Emmerich*, No. 26-cv-373-jdp, 2026 WL 2494803 at *1 (W.D. Wis. Aug. 25, 2026); *Giovinco*, 118 F.4th at 529; *Bonnie*, 157 F.4th at 618 (collecting cases); *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025); *Corbin v. Rudolph*, No. 23-cv-3867, 2026 WL 759086, at *3 (S.D. Ill. Mar. 18, 2026) (collecting court of appeals cases); *cf. United States v. Smith*, 54 F.4th 1000, 1003–04, 1006 (7th Cir. 2022) (stating, in a different context, that a prisoner convicted of multiple offenses, including a § 924(c) violation, would be ineligible for FSA time credit under § 3632(d)(4)(D)(xxii)).

I will dismiss the petition as plainly meritless.

ORDER

IT IS ORDERED that:

1. Petitioner Brendan Moore's petition, Dkt. 1, is DISMISSED with prejudice.
2. The clerk of court is directed to enter judgment and close the case.

Entered November 10, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge